Argued October 15; affirmed November 12; rehearing denied
December 9, 1930.

## SALWAY *v.*
## MULTNOMAH LUMBER & BOX CO.
(293 P. 420)

*O. A. Neal* of Portland for respondent.

*William G. Smith* of Portland (Collier, Collier &
Bernard of Portland on the brief) for appellant.

BROWN, J. ■ The findings of the trial court have the effect of a verdict by jury: Oregon Code 1930, § 2-503.

Does the evidence adduced in this case justify the findings made by the court? We concern ourselves with this question only.

The deed involved, by its provisions, binds the lumber company to pay the taxes falling due upon the property described therein after the date of the transfer, pending the time "it shall exercise and enjoy the rights hereby granted." It further provides that the company may surrender such rights at any time prior to the expiration of the option of six years. As to the meaning of "exercise," it is said in 25 C. J., 165:

"The word * * * has been defined as to put in action; to put in practice; to do or carry on something; to transact. It has by context also been held to be equivalent in meaning to 'usurp.' "

The term "enjoy," as used in the contract, has been defined to mean "to have the benefit of; to occupy or have the benefit of; to have, possess, and use with satisfaction; to have the advantage of using": 20 C. J., 1263.

It is shown by the record herein that, during the six years that the defendant enjoyed the right to go upon the land with equipment to log the same, and the further right to construct roads, logging roads and railroads over and across the land, it failed to construct such roads, or to cut and remove the timber; but it is likewise shown that it did enjoy and exercise the right to attempt to sell and dispose of its option to purchase the premises described in the deed. The deed conveyed to the defendant, "its successors and assigns," all the down, dead, and standing timber on the real property described therein. The defendant company was exercising a valuable right when it was negotiating for the sale of its rights to the property. There is an attempt to show that the defendant abandoned its option, being thereby released from paying the taxes upon the land. This contention is not tenable. It is clear from the record that representatives of the defendant company undertook to negotiate, and did negotiate, with the plaintiff for an extension of the lease, and that the company did not at any time exercise its right to surrender the option to purchase. The correctness of this statement is obvious from a careful study of the record in its entirety. We note, for example, the following excerpt from the testimony of the president of the company:

"Q. Didn't you tell Mr. Salway that you would take that timber off before the six years expired if you had to have it cut into cord wood? A. I think that

might have been said to him with the idea of trying to coerce him to do something; but we never had any idea of doing it, because it would not be practicable. * * *

"Q. Now, as a matter of fact, Mr. Douty, you continued to claim your rights there in the timber during the entire period of the contract, didn't you? A. We lived in hopes that we might be able to salvage something out of it sometime, so that was the occasion of carrying on negotiations with Mr. Salway."

In January, 1926, the plaintiff's attorney wrote the defendant with reference to the taxes, and the defendant replied, in part:

"We infer from your letter that in this case there has been a separate assessment made on the land, and referring to our contract with Mr. Salway we find that we are not obligated to pay taxes on this land in case a separate assessment has been made. We are therefore writing to the sheriff of Lincoln county, today, requesting a statement covering taxes on land only. As soon as this has been received and checked, we will be glad to pay this up to date."

In the matter of abandonment, this letter further strengthens the position taken by the writer.

We are satisfied that the finding of the court that the defendant herein agreed to pay the taxes in question is sufficiently fortified by the evidence of record.

This case should be affirmed. It is so ordered.

CoSHOW, C. J., and BEAN and ROSSMAN, JJ., concur.